# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANAND EDKE, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BELDEN INC.,  )<br>)<br>Defendant.  ) | Case No. _____<br><br>Removal from the Circuit Court of Cook County, Illinois<br><br>State Court Case No.: 2021CH00047 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446(b), Defendant Belden Inc. ("Belden") hereby removes the above-captioned action, *Anand Edke v. Belden Inc.*, Case No. 2021CH00047 (the "State Court Action"), from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. Belden hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1. This Court has original jurisdiction over this action because there is diversity of citizenship between Plaintiff Anand Edke ("Plaintiff") and Belden, and the amount in controversy of Plaintiff's individual claim exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441(b).

2. As set forth below, this case is timely and properly removed by the filing of this Notice.

## VENUE

3. The State Court Action was filed in Cook County. Therefore, venue properly lies in the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. §§ 93(a)(1), 1391.

## PLEADINGS, PROCESS, AND ORDERS

4. On or about January 6, 2021, Plaintiff Anand Edke ("Plaintiff"), individually and on behalf of all others he claims to be similarly situated, filed the State Court Action. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, and orders served upon Belden in the State Court Action, including the Summons and Complaint, is attached as **Exhibit A** to this Notice. A copy of the docket in the State Court Action is attached as **Exhibit B** to this Notice.

5. According to the allegations in the Complaint, Plaintiff and the members of the putative class he purports to represent are persons whose personally identifiable information ("PII") was allegedly compromised in a third-party criminal attack on Belden's computer systems. *See generally* Compl.

6. The Complaint alleges five counts for: (1) negligence, (2) negligence per se, (3) breach of implied contract, (4) violation of the Illinois Personal Information Protection Act, 815 Ill. Comp. Stat. 530/1, *et seq.*, and (5) unjust enrichment.

## SERVICE ON THE STATE COURT

7. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Northern District of Illinois, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois.

**TIMELINESS OF REMOVAL**

8.     Belden was served with a copy of the Summons and Complaint on January 14, 2021.  This Notice has been filed within thirty (30) days after Belden was served with a copy of the Summons and Complaint.  This Notice is therefore timely as it is filed within the time period provided by 28 U.S.C. § 1446(b).

**ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

9.     This Court has jurisdiction over this case because there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a), 1441(b).

*Complete Diversity of Citizenship Is Satisfied*

10.     Plaintiff is a citizen of Illinois.  *See* Compl. ¶ 13.

11.     Belden is a corporation organized under the laws of Delaware, with its principal place of business located at 1 North Brentwood Boulevard, 15th Floor, St. Louis, Missouri, 63105. *See id.* ¶ 14.  Thus, Belden is a citizen of Delaware and Missouri.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...")

12.     Thus, complete diversity of citizenship exists.  *See* 28 U.S.C. § 1441(b).

3

### *The Amount in Controversy Is Satisfied*[1]

13. Based upon Plaintiff's allegations and theories, the amount in controversy of Plaintiff's individual claim exceeds $75,000.

14. The Complaint seeks injunctive relief, including an order requiring Belden to, "for a period of 10 years, appoint[] a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Belden's compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the class, and to report any deficiencies with the compliance of the Court's final judgment." Compl. at p. 25.

15. Under Seventh Circuit precedent, the amount in controversy includes "what compliance with an injunction would cost the defendant." *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 580 (7th Cir. 2017). The cost of conducting a SOC 2 Type 2 attestation "on an annual basis" for a period of ten years, as Plaintiff requests, easily exceeds $75,000. Given the ten-year attestation requirement that Plaintiff seeks to impose, the amount in controversy requirement would be satisfied if the cost of conducing the attestation were just $7,500 per year. The cost far exceeds this amount. *See* **Exhibit C** (a true and correct screenshot of a website advertising SOC 2 Type 2 attestations at a cost of $30,000 per year). Indeed, the cost of conducting a single SOC 2 Type 2 attestation can be much more than $30,000 depending on the scope of the attestation and the number of systems that are included. But even using the $30,000 per year as a

---

[1] Though Belden disputes that Plaintiff is entitled to bring this action, vehemently denies liability, and contends that Plaintiff and the members of the putative class can recover nothing under the claims in the Complaint, for purpose of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in controversy. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

conservative cost established by Exhibit C, brings the cost of this injunctive relief to $300,000, more than enough to satisfy the amount in controversy. *See Roppo*, 869 F.3d at 580.

16. The Complaint also seeks "an award of damages, including actual, nominal, and consequential damages." *See* Compl. at p. 25. Among other things, these alleged damages include "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII" and "future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII compromised as a result of the Data Breach for the remainder of Plaintiff's and Class Members' lives." Compl. ¶ 98. These out-of-pocket expenses must be included in the amount in controversy and only add to the amount in controversy already established in Paragraph 15.

17. The Complaint also seeks an award of punitive damages, which further increases the amount in controversy. *See Stull v. YTB Int'l, Inc.*, No. 10-cv-600-GPM, 2010 U.S. Dist. LEXIS 108876, at *11 (S.D. Ill. Oct. 13, 2020) ("Plaintiffs in this case seek both actual and punitive damages... '[E]ach must be considered to the extent claimed in determining the jurisdictional amount.'" (quoting *Sharp Elecs. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991)).

18. In sum, adding together the requested injunctive relief, actual damages, and punitive damages, Plaintiff's individual claim places greater than $75,000 in controversy, which satisfies the threshold required by 28 U.S.C. § 1332(a).

19. Accordingly, the jurisdictional requirements of diversity jurisdiction are satisfied. *See* 28 U.S.C. §§ 1332(a), 1441(b).

20. Belden hereby reserves the right to amend this Notice of Removal.

WHEREFORE, Defendants remove this Action from the Circuit Court of Cook County, Illinois, to this Court.

Dated: February 12, 2021

/s/ Andrew Greene

Andrew R. Greene
Kehinde A. Durowade
ElevateNext LLP
218 N. Jefferson St., Suite 300
Chicago, IL 60661
(312) 676-5473
andrew.greene@elevateservices.com
kehinde.durowade@elevateservices.com

Terance Gonsalves
Kristine McAlister Brown
(*pro hac vice* application forthcoming)
Gavin Reinke
(*pro hac vice* application forthcoming)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
tery.gonsalves@alston.com
kristy.brown@alston.com
gavin.reinke@alston.com

*Attorneys for Defendant Belden Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On this date I further caused to be served on each of the attorneys identified below, via U.S. Mail and e-mail, a copy of the foregoing document:

Carl Malmstrom
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

M. Anderson Berry
Leslie Guillon
Clayeo C. Arnold, A Professional Law Corp.
865 Howe Avenue
Sacramento, CA 95825
aberry@justice4you.com
lguillon@justice4you.com

By: _/s/ Andrew Greene_
     Andrew Greene